UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE TOR TBW MORTGAGE-BACKED TRUST SERIES 2006-2, TBW MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-2, | CASE No. **1:19-cv-490** |
| Plaintiff, | |
| v. | |
| JOSEPH MOREL, PAMELA SOARES F/K/A PAMELA MOREL, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT | |
| Defendants, | |

_____/

## COMPLAINT TO FORECLOSE MORTGAGE

I.

INTRODUCTION

Plaintiff, U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2, files this complaint to foreclose a certain mortgage given by Joseph Morel and Pamela Morel, encumbering the real estate and improvements located at 275 Frenchtown Road, East Greenwich, RI, 02818. The Defendant-Mortgagors defaulted on their obligation to make monthly payments under the mortgage and note which it secures, and Plaintiff now seeks to judicially foreclose the mortgage pursuant to R.I. Gen Laws §34-27-1 and §34-27-3.2(d)(5).

II.

PARTIES

1.      Plaintiff, U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2 ("Plaintiff") is a national bank chartered and existing under the laws of the United States of America, with a principal place of business at 425 Walnut Street, Cincinnati, OH 45202.

2.      Defendant, Joseph Morel, is an individual who, upon information and belief, resides at 275 Frenchtown Road, East Greenwich, RI 02818.

3.      Defendant, Pamela Soares f/k/a Pamela Morel, is an individual who, upon information and belief, resides at 53 Alden Drive, West Warwick, RI 02893.

4.      Defendant, Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit is a Delaware Corporation, with a principal place of business at 1818 Library Street, Suite 300, Reston, VA 20190.

III.

JURISDICTION AND VENUE

5.      The Court has original jurisdiction over this action involving Plaintiff's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and the Defendants and the amount in controversy is more than $75,000.00, in that the outstanding balance due and owing on the mortgage which Plaintiff now seeks to foreclose exceeds $306,000.00.

6.      Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

7. Robin P. Moorehead, Joseph Morel, and Gary N. Moorehead executed a Quitclaim Deed to the real estate and improvements known as 275 Frenchtown Road, East Greenwich, RI 02818 (the "Property") in favor of Joseph Morel and Pamela Soares, dated December 30, 2004 and recorded with the Town of East Greenwich Land Evidence Records (the "LER") on January 4, 2005 in Book 742, Page 1.

8. Joseph Morel and Pamela Soares executed a further Quitclaim Deed to the Property in favor of Joseph Morel and Pamela Morel (the "Defendant-Mortgagors"), dated February 3, 2006 and recorded with the LER on February 9, 2006 in Book 816, Page 171.

9. Finally, Joseph Morel and Pamela Soares f/k/a Pamela Morel executed a further Quitclaim Deed to the Property in favor of Joseph Morel, individually, by Quitclaim dated June 1, 2018 and recorded with the LER on June 6, 2018 in Book 1401, Page 144.

10. Defendant-Mortgagors secured a mortgage loan from Consumer Home Mortgage Corp of America on February 3, 2006 (the "Loan").

11. This mortgage loan is evidenced by an Initial Interest Note in the original principal amount of $306,000.00 dated February 3, 2006, given by the Defendant-Mortgagors to Consumer Home Mortgage Corp of America (the "Note"). The Note contains an indorsement from Consumer Home Mortgage Corp of America to Taylor, Bean & Whitaker Mortgage Corp., and a further indorsement, in blank, by Taylor, Bean & Whitaker Mortgage Corp. A true and accurate copy of the Note is attached hereto as Exhibit 1.

12. The Note is secured by a mortgage given by the Defendant-Mortgagors to Mortgage Electronic Registration Systems, Inc. as nominee for Consumer Home Mortgage Corp

of America encumbering the Property in the original principal amount of $306,000.00 dated February 3, 2006, and recorded with the LER on February 9, 2006, in Book 816, Page 173 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as <u>Exhibit 2</u>.[1]

13. Mortgage Electronic Registration Systems, Inc., assigned the Mortgage to U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2 by assignment dated April 1, 2010 and recorded with the LER on April 7, 2010 in Book 1037 at Page 37. A certified copy of said First Assignment is attached hereto as <u>Exhibit 3</u>.

14. U.S. Bank, N.A., as Trustee for TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2, its successors and assigns, assigned the Mortgage to U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2 by assignment dated September 19, 2012 and recorded with the LER on November 2, 2012 in Book 1177 at Page 71. A certified copy of said Second Assignment is attached hereto as <u>Exhibit 4</u>.

15. Title to the Property is encumbered by a Junior Mortgage given by the Defendant-Mortgagors to Defendant, Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit, in the original principal amount of $56,000.00 dated February 3, 2006 and recorded with the LER on February 9, 2006 in Book 816, Page 189.

16. Under the terms of the Note and the Mortgage, the Defendant-Mortgagors were obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the March 1, 2036 maturity date of the Loan.

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents and the loan number has been redacted for the borrower's protection. Undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

4

17.     Defendants, Joseph Morel and Pamela Soares f/k/a Pamela Morel, were granted a Chapter 7 discharge from the United States Bankruptcy Court for the District of Rhode Island on November 30, 2010 in Case 09-bk-11246 ("Bankruptcy Case") and no longer have any personal liability to make payments under the Note. Plaintiff is only seeking to exercise its in rem rights as to the Property.

18.     Pursuant to the terms of the Mortgage, prior servicer Ocwen Loan Servicing, LLC sent Notice of Default dated March 12, 2019 to the Defendant-Mortgagors via first-class mail at the Property address. True and accurate copies of said Notices are attached hereto as Exhibit 5.

19.     The default set forth in the March 12, 2019 Notice of Default was never cured. The mortgage account with PHH Mortgage Corporation, as current servicer of the Loan for Plaintiff, is now due for the July 1, 2015 payment together with all subsequently accrued but unpaid installments. A true and accurate copy of the payment history maintained by Plaintiff in connection with the subject Mortgage Loan is attached hereto as Exhibit 6.

20.     On August 20, 2019, Plaintiff, through its attorneys Korde & Associates, P.C., sent Notices of Acceleration to the Defendant-Mortgagors via certified and first-class mail at the Property address in addition to several other addresses. True and accurate copies of said Notices are attached hereto as Exhibit 7.

### COUNT I: FOR DECLARATORY JUDGMENT

21.     Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-20 above.

22.     Plaintiff seeks a judgment from this Court declaring that (a) U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2, is the holder of the Note and holder of the Mortgage

5

and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the obligations set forth in the Note and Mortgage are in default.

## COUNT II: FOR DECREE BARRING ALL RIGHTS OF REDEMPTION AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

23. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-20 above.

24. Plaintiff seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which each of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of Plaintiff free of any and all right, title, interest or claim of each of the Defendants to this action.

## COUNT III: FOR AN ORDER OF SALE

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-20 above.

26. In the alternative to the relief sought in Count II hereof, Plaintiff seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing Plaintiff to sell the Property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the Defendants to this action. In relation thereto, Plaintiff further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, Plaintiff, U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2, requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, Plaintiff prays that in the event the Defendant-Mortgagors should appear in this action at any time prior to entry of a default against them, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant-Mortgagors an opportunity to submit a completed application for loss mitigation to Plaintiff and for Plaintiff, in turn, to render a determination of the Defendant-Mortgagors' eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant-Mortgagors should affirmatively declare in a pleading or other document filed with the Court that they do not wish to submit such an application;

(b) If Defendant-Mortgagors fail to file an answer or other responsive pleading to this Complaint or otherwise fail to file a statement or other pleading with this Court at any time prior to Plaintiff's motion for entry of final judgment expressing an interest in participating in mediation as ordered or facilitated by this Court, declare in said judgment that the Defendant-Mortgagors were provided with a full and fair opportunity to mediate as an alternative means of resolving this case;

(c) Issue a decree determining that the Defendant-Mortgagors are in default of their obligations under the terms of the Note and Mortgage;

(d) Issue a decree determining that the Plaintiff is the present holder of the Note and the present holder of the Mortgage and entitled to enforce the default remedies provided for therein;

(e) Issue a decree forever barring each of the Defendant's exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in Plaintiff, free of any and all right, title, interest or claim of each of the Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the East Greenwich Land Evidence Records;

(f) In the alternative to the relief sought in the preceding paragraph (e), issue an order authorizing and directing Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest or claim of each of the Defendants to this action or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the East Greenwich Land Evidence Records;

(g) In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the East Greenwich Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

  (h) Authorize Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and,

  (i) Grant such other and further relief as the Court deems just and proper.

Dated: September 19, 2019

Respectfully submitted,
U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2,
By its attorney,

/s/ Eileen C. O'Shaughnessy
Eileen O'Shaughnessy, Esq., RI# 6098
Korde & Associates, P.C.
5 Shaw's Cove, Suite 201
New London, CT 06320
(860) 969-0400
eoshaughnessy@kordeassociates.com