UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR TBW MORTGAGE-
BACED TRUST SERIES 2006-2,TBW
MORTGAGE –BACKED PASS THROUGH
CERTIFICATES, SERIES 2006-2



VS.                                    C.A. NO.: 19-CV- 490

JOSEPH MOREL ET AL

ANSWER OF PRO SE DEFENDANT JOSEPH MOREL

1.  Denied

2.  Admit

3.  Admit

4.  Denied

5.  Denied

6.  Denied

7.  Admit

8.  Admit

9.  Admit

10. Admit

11. Denied

12. Denied

13. Denied

14. Denied

15. Denied

16. Admit

17. Admit as to the Bankruptcy Discharge. Denied as to the remainder.

18. Denied

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied

24. Denied as a Notice of Mediation has not been sent to the Defendant, Joseph Morel pursuant to the provisions of R.I.G.L 34-27-3.2.

25. Denied.

26. Denied.

**First Affirmative Defense**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The Plaintiff has no interest in the note or the mortgage.

### Third Affirmative Defense

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

### Fourth Affirmative Defense

Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

### Fifth Affirmative Defense

The promissory note was never endorsed and negotiated pursuant of the provisions of the Uniform Commercial Code.

### Sixth Affirmative Defense

Plaintiff did not accelerate the mortgage pursuant to the terms of the mortgage, prior the filing of this action.

### Seventh Defense

The provisions of paragraph 22 of the mortgage were not complied with before any alleged acceleration of the loan was declared. The Defendants were not provided 30 days to cure the alleged default.

### Eighth Affirmative Defense

Plaintiff has failed to provide an original endorsed promissory note and mortgage as to file a foreclosure suit.

### Ninth Affirmative Defense

The Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that the Plaintiff purported to assert. The allegations asserted as true were not sworn to under oath.

### Tenth Affirmative Defense

This complaint was served on the Defendant while the Defendant was in the process of loss mitigation, thus violating the RESPA ban against dual tracking.

### Eleventh Affirmative Defense

There is no entity such as the Trust named in the complaint.

### Twelfth Affirmative Defense

The Defendant was not mailed a Notice of Mediation pursuant to R.I.G.L 34-27-3.2, precluding any exercise of the statutory power of sale or any foreclosure.

### Thirteenth Affirmative Defense

The Defendant was not mailed a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1.

### Fourteenth Affirmative Defense

The relief for declaratory judgment in paragraph 22 of the complaint is an attempt to avoid the provisions of R.I.G.L 34-27-3.2 for mediation as a precondition to acceleration and the exercise of the statutory power of sale.

### Fifteenth Affirmative Defense

All purported assignments of mortgage were void.

Wherefore Defendant demands Judgment plus attorney fees and costs.

November 11, 2019

_____
JOSEPH MOREL
275 Frenchtown Road
East Greenwich, RI 02818
(401)824-4175

## CERTIFICATION

I hereby certify that I emailed a copy of the above Answer to the following electronically, on this 11th day of November, 2019:

Eileen O'Shaughnessy, Esq.
Korde & Associates, PC
5 Shaws Cove
Suite 201
New London, CT 06320

_____