UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR TBW MORTGAGE-
BACKED TRUST SERIES 2006-2,TBW
MORTGAGE –BACKED PASS THROUGH
CERTIFICATES, SERIES 2006-2

VS.                                                                  C.A. NO.: 19-CV- 490

JOSEPH MOREL ET AL

COUNTERCLAIM AND SUPPLEMENTAL COMPLAINT

Defendant, now referred to as Plaintiff, by his attorney, complains of Defendants, as follows:

COUNT I

1.   Plaintiff, Joseph Morel, ("Morel") is a resident of 275 Frenchtown Road, East Greenwich, Rhode Island. He owns said real estate, which is a single family home.

2.   Morel executed a note to Consumer Home Mortgage Corp. of America on February 3, 2006. A copy of this unendorsed Note which was filed as a Proof of Claim in the Plaintiff's Bankruptcy Case by Ocwen Loan Servicing is attached to this Counterclaim as Exhibit 1.

1

3. Morel executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Consumer Home Mortgage Corp. of America on February 3, 2006. A copy of this mortgage is attached to the complaint filed in this case.

4. The original Plaintiff and the Defendant in this counterclaim in this case was U.S. Bank National Association as Trustee for TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2. TBW Mortgage-Backed Pass-through Certificates, Series 2006-2.

5. There is no such trust with this name.

6. There is a trust with the name of TBW Mortgage-Backed Pass-Through Trust, Series 2006-2, which is referenced as the Issuing Entity which issued certificates of mortgage backed securities in the Securities and Exchange Commission, referenced at the following html web page: https://www.sec.gov/Archives/edgar/data/1360252/000116231806000638/form8k.htm

7. Defendant, PHH Mortgage Corporation, d/b/a PHH Mortgage Services isa a New Jersey Corporation and is the loan servicer for the Plaintiff's mortgage loan.

## COUNT I

## DECLARATORY JUDGMENT

8. Paragraphs 1-7 are incorporated by reference.

9. 28 U.S.C. 2201 provides this Court with jurisdiction to issue Declaratory Judgments regarding property rights of parties.

10. Plaintiff has not received a default letter in strict compliance with the terms of the note or the mortgage.

11. PHH, through its predecessor before merger, Ocwen Loan Servicing, LLC ("Ocwen") claims to have mailed Plaintiff a default letter, dated March 12, 2019 2019. A copy of the purported default letter was attached to this complaint when it was filed.

12. This letter does not strictly comply with the terms of the note or the mortgage.

13. This letter falsely and deceptively states that Plaintiff is past due in the amount of $87,099.70.

14. This amount includes escrow amounts of $37,001.78, late charges of $458.19, fees and expenses of $1521.47 contrary to the terms of the note and the mortgage.

15. This letter falsely and deceptively states that Plaintiffs owe $3203.28 in late fees and that these amounts had to be paid to cure the default, contrary to the terms of the note and the mortgage.

16. This letter deceptively did not state a specific date to cure the mortgage and instead stated that Plaintiff had to pay this inaccurate amount on or before April 18, 2019.

17. This letter also deceptively stated that Plaintiff had to pay any additional escrow advances or corporate advances to cure the default, contrary to the terms of the mortgage and the note.

18. This letter deceptively did not advise Plaintiff that his right to reinstate the mortgage after acceleration would expire five days before the sale.

19. Despite not having mailed the Plaintiff a default letter, strictly compliant with the terms of the note and the mortgage, PHH on August 20, 2019 mailed the Plaintiff a purported acceleration letter claiming to have accelerated the mortgage loan.

20. In this letter, PHH falsely stated that the holder of the mortgage was U.S. Bank National Association as Trustee for TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2. TBW Mortgage-Backed Pass-through Certificates, Series 2006-2 and that Plaintiff owed this entity $423,232.70.

21. Paragraph 10 of the note provides that if the lender accelerates the note:

Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security instrument. If Borrower fails to pay these sums prior the expiration of this period, Lender may invoke any remedies permitted by this Security instrument without further notice or demand on borrower.

22.    The 30 day period to reinstate after acceleration expired at 12:00 AM on September 20, 2019.

22.    The earliest that a Judicial Foreclosure , assuming that there was strict compliance with the terms of the mortgage, could be commenced was September 20, 2020.

23.    PHH, without strictly complying with the terms of the note or the mortgage, filed a Judicial Foreclosure against the Plaintiff on September 19, 2019.

24.    As a result of this failure to strictly comply with the terms of the mortgage, no entity could file a Judicial Foreclosure on September 19, 2019 or invoke any remedies permitted by the mortgage.

25.    The provisions in paragraphs 19 and 22 of the mortgage and the terms of the promissory note were a condition precedent to the exercise of any remedies, including Judicial Foreclosure.

26.    There was no compliance with the terms of the mortgage to file a Judicial Foreclosure.

27.    Any alleged filing of a Judicial Foreclosure on September 19, 2019 was defective because a default notice in strict compliance with the terms of the

mortgage and the note and an acceleration notice in strict compliance with the terms of the note and the mortgage were complied with as required by the terms of the note and the mortgage and the note.

28. Plaintiff has incurred legal fees for the defense of this improper foreclosure and for the prosecution of this action.

WHEREFORE, Plaintiff demands that this Court:

    a. Issue a Declaratory Judgment that the named Plaintiff in this case does not exist.

    b. Issue a Declaratory Judgment that the Promissory Note executed by the Plaintiff has not been endorsed.

    c. Issue a Declaratory that PHH on behalf of any entity which does not exist did not strictly comply with the terms of the mortgage and note by filing a complaint in this case before the Plaintiff had been provided thirty days to reinstate after a purported Notice of Acceleration.

    d. Issue a Declaratory Judgment that PHH on behalf of an entity which does not exist did not strictly comply with the note and mortgage by the purported default letter mailed to the Plaintiff.

    e. Grant all other just and proper relief, including attorney fees and costs.

JOSEPH MOREL

By his Attorney

September 18, 2020  /s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 AGAINST PHH MORTGAGE LLC**

29.  Paragraphs 1-28 are incorporated by reference.

30.  Defendant, PHH Mortgage Corporation ("PHH") is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at 1 Mortgage Way, Mount Laurel, New Jersey.

31.  PHH is the successor by merger to Ocwen Loan Servicing, LLC.

32.  The principal business purpose of PHH is the collection of debts, using the mails and telephone.

33.  PHH regularly attempts to collects debts alleged to be due other parties.

34.  However the principal business purposes of PHH is not the enforcement of security interests.

35.  PHH at all the times referenced in this complaint and previously collected mortgage payments from mortgagors, paid taxes from escrow proceeds to

7

municipal tax collectors and paid property insurance payments due to insurance companies from escrow which it maintained for mortgagors.

36. PHH, as part of its loan servicing business, determined the amount of escrow needed for this mortgage loan account.

37. PHH, as part of its loan servicing business, provides loss mitigation for homeowners and the owners of the mortgage note, taking and evaluating loan modifications.

38. PHH, as part of its loan servicing business, ordered through its electronic system of record property inspections for properties such as that of the Plaintiff.

39. At the time that PHH commenced servicing Plaintiff's mortgage, this loan was in default and PHH treated her loan as if it were in default.

40. PHH hired Korde & Associates, PC ("Korde") to seek to collect on the Plaintiff's note on behalf of PHH.

41. PHH, through its agent Korde, by the complaint filed in this case, threatened that it would seek the right to conduct a foreclosure sale for Plaintiff's home.

42. As alleged in this complaint, Plaintiff was not mailed a default notice strictly compliant with the provisions of the note and the mortgage.

43. As alleged in this complaint, PHH caused this action to be filed, even though paragraph 10 of the note required that PHH wait until thirty days had passed after a

purported acceleration had been delivered to the Plaintiff pursuant to Paragraph 15 of the mortgage.

44. PHH has used unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

45. PHH, through its attorney, has claimed to have commenced a Judicial Foreclosure to effect dispossession of the Plaintiff of his property even though PHH and the owner of the mortgage and the note had no present right to possession of the property claimed as collateral through an enforceable security interest.

46. PHH through its filing of this complaint also made a threat to take legal action which could not legally be taken. Specifically it stated, through its attorney, in the complaint that it would seek to conduct a public sale of the Plaintiff's property and foreclosure the equity of redemption of the Plaintiff.

47. The threat in filing this complaint despite non-compliance with the terms of paragraph 10 of the note and paragraph 19 and 22 of the mortgage was a deceptive action on the part of PHH.

48. Each of these actions of PHH was a violation of 15 U.S.C. 1692e(5).

49. PHH, in violation of 15 U.S.C. 1692e(2)(a) falsely indicated the character and legal status of the debt in the complaint originally filed in this case by stating that U.S. Bank National Association as Trustee for TBW Mortgage-Backed Pass-

Through Certificates, Series 2006-2. TBW Mortgage-Backed Pass-through Certificates, Series 2006-2 was the holder of the note and the holder of the mortgage and that it was contractually able to seek an Order to order a public sale of the Plaintiff's property and to foreclosure the right of redemption.

50. The facts alleged in this complaint establish that no mortgagee or note holder had the present right to possession of the property claimed as collateral through an enforceable security interest.

51. As alleged above, PHH violated 15 U.S.C 1692e(5) by threatening to take legal action which it could not take.

52. PHH also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt.

53. PHH made false representations regarding the character and legal status of the debt, namely that the loan had been accelerated and that it could seek an Order to foreclosure the Plaintiff's equity of redemption and seek a public sale of the Plaintiff's property.

54. All the actions of PHH, alleged in this complaint, were designed to compel the Plaintiff to pay monies to PHH on behalf of the entity that it claimed was the owner of the note and mortgage, individually and through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of

foreclosure of his home unless he made such a payment to PHH, through its attorney on behalf of the entity, which claimed to own the note.

55. 15 U.S.C. § 1692(f) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

56. 15 U.S.C. § 1692(d) provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. PHH violated 15 U.S.C. § 1692(f) because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

58. PHH violated 15 U.S.C. § 1692(d) by employing an unfair and unconscionable means to collect the subject debt.

59. PHH conduct has caused Plaintiff to suffer great emotional distress driven by the fear that he might lose his home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

60. PHH's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiff's rights.

61. The Plaintiff has incurred actual damages as a result of the violations of the FDCPA:

a. Plaintiff has incurred costs for gasoline to visit his attorney on

at least five occasions driving to his attorney's office for five round trips totaling more than 22 miles in order to discuss the lawsuit which had been filed against him and then to assist his attorney in the defense of this case. The IRS standard mileage allowance provides for .56 per mile.

b. Plaintiff has used his cell phone to call and receive calls from his attorney regarding the case which had been filed against him and then to assist his attorney in defending tis case by providing him documents and information. . These calls are charged to him pursuant to his cell phone usage and monthly fees.

c. Plaintiff has used electricity to recharge his cell phone for calls when he spoke with his attorney regarding this foreclosure filing and to assist in his defense.

d. He has incurred attorney fees and costs to respond to these false communications.

e. He has incurred legal fees to communicate with PHH's attorney to cancel this improper attempted sale.

g. His mortgage loan account has been charged unreasonable fees and costs arising from the foreclosure case filed against him.

h. He has taken time away from his usual activities in order to defend this case by assisting his attorney.

62. As a result of the above described acts of PHH it is liable to the

Plaintiff for actual damages, statutory damages, attorney's fees and costs.

63.    Plaintiff has incurred legal fees do defend the Judicial Foreclosure improperly filed by the PHH.

64.    Plaintiff has incurred legal fees for the prosecution of this action.

WHEREFORE, Plaintiff demands that Judgment be entered against PHH for the following relief:

A. Judgment against PHH for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

B. Legal fees for the prosecution of this action.

C. For all other just and proper relief.

                                            JOSEPH MOREL
                                            By his attorney,

September 18, 2020                     /s/ John B. Ennis
                                            JOHN B. ENNIS, ESQ. #2135
                                            1200 Reservoir Avenue
                                            Cranston, Rhode Island 02920
                                            (401) 943-9230
                                            Jbelaw75@gmail.com

Plaintiff demands a Trial by Jury