UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST SERIES 2006-2, TBW MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-2,<br><br>          Plaintiff,<br><br>v.<br><br>JOSEPH MOREL, PAMELA SOARES f/k/a PAMELA MOREL and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT,<br><br>          Defendants. | C.A. NO. 1:19-cv-00490-MSM-LDA |

## **MEMORANDUM OF LAW IN SUPPORT OF U.S. BANK, AS TRUSTEE'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and LR, D.R.I. 7, the Plaintiff/Counterclaim Defendant, U.S. Bank, National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-2, TBW Mortgage-Backed Pass-Through Certificates, Series 2006-2 ("U.S. Bank, as Trustee"), submits this memorandum of law in support of its Motion to Dismiss the Counterclaim of the Defendant/Counterclaim Plaintiff, Joseph Morel's ("Morel") based on his failure to comply with this Court's April 12, 2021 Order compelling the Defendant to respond to Interrogatories and Requests for Production of Documents by April 22, 2021.

As grounds for its Motion, U.S. Bank, as Trustee submits the following:

### **STATEMENT OF FACTS**

Procedural History

U.S. Bank, as Trustee filed this Complaint in the United States District Court on September 19, 2019. (ECF No. 1). On November 11, 2019 Morel filed his initial Answer to the Complaint.

(ECF No. 9). Subsequently, on September 18, 2020 Morel moved for leave to file Counterclaim and Supplemental Complaint. (ECF No. 24). Despite opposition by U.S. Bank, as Trustee, the Court granted Morel's Motion for Leave to File Counterclaim and Supplemental Complaint on October 6, 2020.

On March 12, 2021 U.S. Bank, as Trustee filed a Motion to Compel responses to Interrogatories and Requests for Production of Documents after Morel failed to provide responses by the February 26, 2021 deadline.[1] (ECF No. 43).

### U.S. Bank, as Trustee's Discovery Requests

U.S. Bank, as Trustee served Requests for Production of Documents and Interrogatories upon the Plaintiffs on May 22, 2020. (*Exhibit A*.) U.S. Bank, as Trustee did not receive responses to either discovery requests by the due date, June 21, 2020. U.S. Bank, as Trustee has made a good faith effort to obtain this discovery, including a discovery conference on February 11, 2021 during which Morel's counsel agreed to respond to both discovery requests by February 26, 2021. Morel again failed to meet this deadline and has not provided the requested discovery to date. Despite failing and refusing to produce any documents in response to requests, Morel's counsel has continuously served Requests for Information under the Real Estate Settlement Procedures Act, to which U.S. Bank, as Trustee has responded completely and on time.

On March 12, 2021, U.S. Bank, as Trustee filed a Motion to Compel responses to said discovery. On April 12, 2021, the Court entered an order granting the Motion to Compel and instructing Morel to provide discovery by April 22, 2021. Morel has again failed to comply this Court's order and did not provide the requested discovery. To date, and more than eleven months

---

[1] Responses to discovery were originally due on June 21, 2020. On February 11, 2021 Morel agreed to provide responses to discovery by February 26, 2021 following a discovery conference with the Court.

2

since U.S. Bank, as Trustee originally served discovery requests, Morel still has not responded to the Interrogatories or Requests for Production.

## **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 37 provides that the Court may sanction a party for its failure to comply with a court order compelling discovery. Notably, if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole, or in part, or render a default judgment against the noncompliant party. *See* Fed. R. Civ. P. 37(b)(2)(A). The First Circuit has consistently recognized that "Courts cannot function if litigants may, with impunity, disobey lawful orders. It has long been the rule that federal courts possess plenary authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988), (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (footnote omitted)); *see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co*, 771 F.2d 5, 11 (1st Cir. 1985) (citations omitted). "A federal district court must be able to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Brockton Sav. Bank*, 771 F.2d at 11 (internal quotations and citations omitted). "The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all." *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 16 (1st Cir. 1983).

The court has an "institutional interest" in ensuring compliance with its orders. *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003). "Given that interest, a court is not obliged to tolerate a party's disdain for court-imposed deadlines." *Id.* As the First Circuit noted over three decades ago, "[i]f such conduct were condoned by a slap on the wrist … the district court … might well find the lawyers calling the tune on discovery schedules." *Id.* (citing *Damiani v. Rhode Island Hospital*,

3

704 F.2d at 15 ). To be effective, Rule 37 sanctions "must be applied diligently as both punishment for the offender and to deter putative offenders." *Damiani*, 704 F.2d at 15.

"[The] District Court's authority to dismiss an action as a sanction for non-compliance with a discovery order is well established." *Vallejo v. Santini-Padilla*, 607 F. 3d 1, 7 (1st Cir. 2010); *Benitez-Garcia v. Gonazalez-Vega*, 468 F. 3d 1, 4 (1st Cir. 2006) (dismissal with prejudice for violation of discovery orders is "well within the arsenal of the trial judge"). Although dismissal constitutes a harsh sanction, the First Circuit has "routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs." *Young*, 330 F. 3d at 81. Additionally, a court is not required to attempt less severe sanctions, nor is the court required to provide an adversary hearing before imposing the substantive sanction of dismissal or default judgment. *Damiani*, 704 F.2d at 15.

In *Damiani v. Rhode Island Hospital*, 704 F.2d at 17, the First Circuit affirmed the Rhode Island District Court's dismissal of a case in which the plaintiff's counsel failed to respond to the defendants' requests for production of documents and interrogatories. The defendants served discovery requests on May 28, 1981, and the plaintiff's counsel neither responded nor sought an extension of time from the court to respond. *Id*. at 13. The defendants moved for an order compelling discovery, which was granted on July 1, 1981 and which required the production of written discovery no later than July 27, 1981. *Id.* The plaintiff's counsel did not comply with the court order, and on August 21, 1981, the defendants moved to dismiss pursuant to Rule 37. *Id.* at 14. The District Court granted the defendants' request for dismissal, and the First Circuit affirmed the dismissal. Both the District Court, and the First Circuit on review, determined that the plaintiff's counsel's failure to comply with the requests for discovery and the discovery order, was intentional and not reasonably justified. *Id.* at 15-16. In addition, the First Circuit concluded that

"there was no effort by plaintiff's counsel to move this case along" because he "initiated no discovery and his only motions were to ask for extensions in which to reply to the motions of the defendants." *Id.* at 16.

In this case, Morel's counsel has ignored the Court's order compelling discovery. More importantly, Morel has failed to provide discovery responses more than eleven months after the service of the Requests for Production and Interrogatories. Morel's counsel has made no effort to advance this case, issuing no discovery in support of his Counterclaims. Furthermore, Morel has not provided any documents to support his demand for declaratory judgment based on several claims challenging the validity of the default letter that preceded the foreclosure. Morel's unexcused delays have prejudiced U.S. Bank, as Trustee's defense of these claims because U.S. Bank, as Trustee has received no responses to requests for discovery in this matter that U.S. Bank, as Trustee can use in order to pursue relief from Morel's counterclaim and to proceed with this judicial foreclosure action.

U.S. Bank, as Trustee and its counsel acknowledge that dismissal is a drastic sanction for a party's failure to comply with a discovery order, but given the facts and circumstances of this action, U.S. Bank, as Trustee submits that dismissal of the counterclaim is the appropriately measured remedy. U.S. Bank, as Trustee has received <u>no</u> cooperation in discovery, and as such U.S. Bank, as Trustee should not be required to answer to a counterclaim pursued by Morel for the simple fact that Morel ignores, neglects and refuses to provide any facts, documents or information in this case.

## CONCLUSION

For the reasons stated above, U.S. Bank, as Trustee respectfully requests that this Honorable Court dismiss Morel's counterclaims based upon his failure to comply with discovery requests and the Court's Order compelling responses to be provided by April 22, 2021.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST SERIES 2006-2, TBW MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-2

By: Its Attorneys

/s/ *Jamal D. Burk*
Samuel C. Bodurtha, Bar No. 7075
Jamal D. Burk, Bar No. 9550
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated:   April 23, 2021

## CERTIFICATE OF SERVICE

I, Jamal D. Burk, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 23, 2021.

/s/ *Jamal D. Burk*
Jamal D. Burk, Bar #9550